IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 15-CR-133-GKF |
| | ) |
| VYSEAN LEANDRE EMBRY, | ) |
| | ) |
| Defendant(s). | ) |

TRANSCRIPT OF SENTENCING HEARING

BEFORE THE HONORABLE GREGORY K. FRIZZELL

UNITED STATES DISTRICT JUDGE

NOVEMBER 17, 2016

A P P E A R A N C E S

Danny Williams, U.S. Attorney, and Joel-lyn A. McCormick, Assistant U.S. Attorney, 110 West Seventh Street, Suite 300, Tulsa, Oklahoma, 74119, attorneys on behalf of the Plaintiff;

Shannon M. McMurray, Attorney at Law, The Firm on Baltimore, 1811 South Baltimore, Tulsa, Oklahoma, 74119, attorney on behalf of the Defendant.

REPORTED BY:        BRIAN P. NEIL, RMR-CRR
                    United States Court Reporter

*Brian P. Neil, RMR-CRR*
*U.S. District Court - NDOK*

```
 1                    Thursday, November 17, 2016
 2                              * * * * *
 3              DEPUTY COURT CLERK:  Case No. 15-CR-133-GKF, USA v.
 4    Vysean Leandre Embry.  Counsel, please state your appearances
 5    for the record.
 6              MS. MCCORMICK:  Danny Williams and Joel-lyn
 7    McCormick on behalf of the United States.
 8              THE COURT:  Good afternoon.
 9              MS. MCMURRAY:  Good afternoon.  Shannon McMurray for
10    Mr. Embry and he's present.
11              THE COURT:  Good afternoon.  Mr. Embry, first
12    question:  Did you receive a copy of the presentence
13    investigation report dated April 21, 2016, in a timely fashion?
14              THE DEFENDANT:  Yes, Your Honor.
15              THE COURT:  Secondly, have you had a full, fair, and
16    complete opportunity to discuss the contents of that report
17    with Ms. McMurray as your attorney?
18              THE DEFENDANT:  Yes.  To a certain extent, yes, Your
19    Honor.
20              THE COURT:  Well, do you need more time?
21              THE DEFENDANT:  No, I don't.  I'm ready to get this
22    over with, sir.
23              THE COURT:  All right.  But have you had sufficient
24    time to discuss it with her?
25              THE DEFENDANT:  Yes.
```

```
 1                THE COURT:  All right.  Essentially, Counsel,
 2   because of the procedural posture here, this all boils down to
 3   an assessment of how much time Mr. Embry should get for -- and
 4   I don't know if I -- do I need to seal the courtroom?
 5                MS. MCCORMICK:  Your Honor, that would be my
 6   opinion.
 7                THE COURT:  I think so.  I think so.  Because that's
 8   really -- there's really only one issue here; right?
 9                MS. MCCORMICK:  Yes, your Honor.
10                THE COURT:  Ms. McMurray.
11                MS. MCMURRAY:  Yes.
12                THE COURT:  And both of you frankly have -- in your
13   briefing, you've gone beyond that one issue, and I understand
14   why, but that's the only issue that I can address.
15            So I will close the courtroom at this time so that I
16   can discuss this matter with counsel.
17                MS. MCCORMICK:  Your Honor, may the co-case agent
18   remain in the courtroom?
19                THE COURT:  Of course.  We may well need testimony.
20                          (Courtroom sealed)
21       (Sealed portion of this transcript filed under seal)
22                THE COURT:  Ms. McMurray, you had mentioned that you
23   had some additional letters that you wished the court to take
24   into consideration that have not been provided to the court to
25   date; is that correct?
```

```
 1              MS. MCMURRAY:  That's correct, Judge.  And I
 2   apologize.
 3              And, Judge, for housekeeping purposes, before I forget,
 4   if I could ask and be granted that Mr. Embry's letter, docket
 5   No. 389, be sealed.
 6              THE COURT:  I didn't know there was a letter that
 7   was filed that was not sealed.
 8              MS. MCMURRAY:  It's not sealed, Judge.
 9              THE COURT:  When was it filed?
10              MS. MCCORMICK:  September 26th.
11              MS. MCMURRAY:  September 26th.
12              THE COURT:  I see.  I see it is.  Any objection to
13   that?
14              MS. MCCORMICK:  No, Your Honor.
15              THE COURT:  Very well.  That letter, which is at
16   docket No. 389 -- is that the one we're speaking of?
17              MS. MCMURRAY:  389, yes, sir.
18              THE COURT:  -- will be sealed.
19              And just for the benefit of everyone attending here
20   today, the court has received a number of letters to date and
21   the court has reviewed each of those letters.  It will take me
22   a little time.  I'll take a recess and review these additional
23   letters.
24              Is there anything else that I need to do or hear before
25   I recess to read these letters?
```

1         MS. MCCORMICK:  No, Your Honor.

2         MS. MCMURRAY:  No, sir.

3         THE COURT:  Very well.  We'll take a short recess.

4                    (Short break)

5         THE COURT:  The court has read the additional letters and the petition submitted on the defendant's behalf. The court notes for the record that neither the government nor the defendant has filed an objection to the presentence investigation report.

10        The court notes that the defendant's plea of guilty to Count 1 of the second superseding indictment was made pursuant to a written plea agreement at docket No. 283.  Upon review of the presentence investigation report, the court hereby accepts the plea agreement insofar as it is covered by Rule of Criminal Procedure 11(c)(1)(A).

16        The court has reviewed the government's sealed motion for a downward departure at docket 397 recommending a downward departure of two levels for factors set forth in the motion. The court has reviewed the government's motion and finds that a departure is warranted and is justified based upon the factors cited by the government and the defendant.  Therefore, the government's sealed motion for a downward departure at docket 397 is granted and the court will depart downward four levels to an offense level of 30.  Combined with the defendant's criminal history category of VI, the resulting departure

1    guideline range of imprisonment is 168 to 210 months.

2            The court has also reviewed the defendant's motion to
3    vary at docket No. 400, requesting an additional six-level
4    variance in addition to the aforementioned departure.  The
5    defendant contends that a variance is warranted given the
6    defendant's family history and his lack of criminal history
7    over the past decade.  The court notes that pursuant to Title
8    18, United States Code, Section 3553(e), a departure below the
9    mandatory minimum is only justified for substantial assistance.
10   Accordingly, the defendant's motion to vary at docket No. 400
11   must be denied.

12           The court recognizes that the sentencing guidelines are
13   merely advisory and are not mandatory but has considered the
14   sentencing guidelines, along with all of the factors set forth
15   in Title 18, United States Code, Section 3553(a), in order to
16   reach an appropriate and reasonable sentence in this case.  In
17   determining a sentence, this court has considered the nature of
18   the offense and the defendant's criminal history and his
19   personal characteristics.

20           This case involved the defendant distributing at least
21   280 grams of cocaine base as the leader of a drug-trafficking
22   organization involving seven other individuals.  The defendant
23   is 33 years old and is considered a career offender whose
24   criminal history began at age 12.  Based upon these factors, a
25   sentence within the departure guideline range will serve as an

*Brian P. Neil, RMR-CRR*
*U.S. District Court - NDOK*

1    adequate deterrent to this defendant, as well as others,
2    promote respect for the law, provide just punishment for the
3    offense, and provide protection for the public.
4         A term of supervised release is required with special
5    conditions, based upon the aforementioned factors, and will
6    allow the defendant time to reintegrate into the community upon
7    release from imprisonment, be monitored for future law
8    violations, and receive appropriate drug treatment.
9         Sentencing disparities among defendants were considered
10   in determining an appropriate sentence in this case, and
11   restitution is not a factor.
12        Mr. Embry, if you'll rise, please, sir.  In accordance
13   with applicable law, this court hereby imposes the following
14   sentence:
15        It is the order and judgment of this court that the
16   defendant, Vysean Leandre Embry, is hereby committed to the
17   custody of the Bureau of Prisons to be imprisoned for a term of
18   180 months.  The court recommends that the defendant be placed
19   in a facility that will allow him the opportunity to
20   participant in the Bureau of Prisons' residential drug abuse
21   treatment program.
22        The court orders that the order for entry of agreed
23   forfeiture money judgment and preliminary order of forfeiture
24   of currency at docket No. 337 is hereby incorporated by
25   reference.

1            And you may be seated, sir.

2            Based upon the defendant's financial profile, as
3    outlined in the presentence report, the court finds that the
4    defendant does not have the ability to pay a fine, and
5    therefore, no fine will be imposed.

6            Upon the defendant's release from imprisonment, the
7    defendant shall be placed on a term of supervised release for a
8    period of ten years.  Should that term of supervised release be
9    revoked, an additional term of imprisonment of up to five years
10   could be imposed at each revocation.  And I'll note, as I found
11   in the findings on the terms under the sentencing guidelines,
12   the minimum time for supervised release under the guidelines --
13   or the prescribed time to be more accurate -- is ten years.

14           Immediately upon release from confinement, but in no
15   event later than 72 hours thereafter, the defendant must report
16   in person to the probation office in the district to which he's
17   authorized to reside.  While on supervised release, the
18   defendant must not commit another federal, state, or local
19   crime.  The defendant must not own, possess, or have access to
20   a firearm, ammunition, destructive device, or other dangerous
21   weapon.

22           The defendant must, at the direction of the U.S.
23   probation officer, cooperate with and submit to the collection
24   of a DNA sample for submission to the combined DNA index
25   system.  Further, the defendant must not possess a controlled

1  substance and must refrain from any unlawful use of a
2  controlled substance.  The defendant must submit to one drug
3  test within 15 days of his release on supervised release and at
4  least two periodic drug tests within 120 days for use of a
5  controlled substance.
6            The defendant must comply with the standard conditions
7  that have been adopted by this court and must comply with the
8  following additional special conditions:
9            Number one, the special search and seizure condition;
10 number two, the special substance abuse treatment and testing
11 condition; and number three, the special workforce development
12 condition.
13           It's further ordered that a $100 special monetary
14 assessment be paid immediately to the United States Court Clerk
15 for the Northern District of Oklahoma.
16           Ms. McMurray, I know you're aware of your obligation to
17 consult with Mr. Embry regarding the advantages and
18 disadvantages of perfecting an appeal and making a reasonable
19 effort to determine whether Mr. Embry desires to perfect an
20 appeal.  And in order for this court to ensure that the record
21 is clear, that you've complied with those obligations, I'm
22 directing you on the record to file within 14 days after the
23 written judgment is filed either a notice of appeal or an
24 affidavit signed by you and Mr. Embry advising this court that
25 you've consulted with him and he's advised you that he does not

1  wish to perfect an appeal.
2           MS. MCMURRAY:  Yes, sir.
3           THE COURT:  I believe the government should move to
4  dismiss both the indictment, the superseding indictment, and
5  Counts 2 through 29 of the second superseding indictment as to
6  this defendant only.
7           MS. MCCORMICK:  We so move as to this defendant
8  only, Your Honor.
9           THE COURT:  Very well.  That motion is granted.  The
10 indictment, the superseding indictment, and Counts 2 through 29
11 of the second superseding indictment are dismissed as to
12 Mr. Embry.
13          And I'm struck here with Mr. Embry's innate
14 intelligence, his talent, his ability to influence others, and
15 it's tragic that this amount of time is the time that Congress
16 has directed be given to individuals who are involved in a drug
17 conspiracy such as this.
18          I hope, Mr. Embry, and pray that you can make useful
19 use of this time.  I know it's a blow but you can actually turn
20 the bad into good.  And when you get out, particularly if you
21 get involved in this RDAP, which is the residential drug abuse
22 treatment program, you can shave time off the back end of your
23 sentence.  Obviously with good time you're looking at
24 85 percent of the time.  Then, as I say, with the RDAP program,
25 if you apply for that and are accepted, that will shave some

1   time off the back end.
2           So the court -- although I know it's tough to take when
3   you receive a sentence of this magnitude, and as we discussed
4   here just a few minutes ago, you understood that the sentence
5   was going to be significant and it's tragic, but under our
6   system of justice, and as our United States Attorney said, I
7   mean, this kind of distribution of crack cocaine into the
8   community hurts other people, hurts families.
9           So is there anything further, Ms. McCormick?
10              MS. MCCORMICK:  No, Your Honor.
11              THE COURT:  Ms. McMurray?
12              MS. MCMURRAY:  No, Your Honor.
13              THE COURT:  If there's nothing further, we are in
14  recess.
15                  (The proceedings were concluded)

*Brian P. Neil, RMR-CRR*
*U.S. District Court - NDOK*

C E R T I F I C A T E

I, Brian P. Neil, a Certified Court Reporter for the Northern District of Oklahoma, do hereby certify that the foregoing is a true and accurate transcription of my stenographic notes and is a true record of the proceedings held in above-captioned case.

I further certify that I am not employed by or related to any party to this action by blood or marriage and that I am in no way interested in the outcome of this matter.

In witness whereof, I have hereunto set my hand this 14th day of February 2017.

s/ Brian P. Neil
_____
Brian P. Neil, RMR-CRR
United States Court Reporter

*Brian P. Neil, RMR-CRR*
*U.S. District Court - NDOK*