UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 15-CR-133-GKF |
| VYSEAN LEANDRE EMBRY, | |
| Defendant. | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S AMENDMENT TO HIS § 2255 MOTION**

November 29, 2018

# TABLE OF CONTENTS

Table of Authorities ................................................................................. ii

Relevant Facts ...........................................................................................1
Mr. Embry pleaded guilty, telling this Court under oath that he had not
taken any drugs, medicine, or pills in the previous seven days.........................1

The PSR mentioned Mr. Embry's childhood mental health issues, but
noted that he stated it had been years since he had taken medication to
help control his mental health issues ............................................................2

Mr. Embry filed a § 2255 motion alleging that Ms. McMurray was
ineffective for failing to challenge the predicates for his career offender
sentence ...................................................................................................4

Mr. Embry amended his motion to add a claim that Ms. McMurray was
ineffective for failing to tell the Court of his mental health issues ..................4

ARGUMENT AND AUTHORITIES .................................................................6
I. Mr. Embry's second and third arguments violate this Court's order, and
   fail in any event ....................................................................................6
II. Ms. McMurray did not render ineffective assistance of counsel in failing
    to object to the PSR's discussion of Mr. Embry's mental health issues.......8
    A. Applicable Standards ........................................................................8
    B. During his change of plea, Mr. Embry told this Court under oath,
       that he was not under the influence of medication, and was not being
       treated for a mental illness ............................................................. 10
    C. Ms. McMurray confirms that to her knowledge, Mr. Embry was not
       under the influence of medication at his change-of-plea hearing .......... 11
    D. Ms. McMurray did not render deficient performance by failing to
       raise mental health issues Mr. Embry denied having........................... 12
    E. Even had Ms. McMurray rendered deficient performance, Mr. Embry
       was not prejudiced as a result......................................................... 13
III. This Court need not hold an evidentiary hearing on Mr. Embry's
     § 2255 motion ................................................................................... 13

Conclusion ............................................................................................. 15
Certificate of Service............................................................................... 16

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991) .............................. 14

*Hedman v. United States*, 527 F.2d 20 (10th Cir. 1975) .............................. 13

*Mathis v. United States*, 136 S.Ct. 2243 (2016) .................................... 4

*Smith v. Robbins*, 528 U.S. 259 (2000) ............................................ 10

*Strickland v. Washington*, 466 U.S. 668 (1984) ....................... 8, 9, 10

*United States v. Embry*, 689 F.App'x 617 (10th Cir. 2017) ............................. 4

*United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) ................................. 7

*United States v. Johnson*, 732 F.App'x 704 (10th Cir. 2018) ............................ 7

*United States v. Madkins*, 866 F.3d 1136 (10th Cir. 2017) .............................. 7

*United States v. Maxwell*, ---F.App'x---, 2018 WL 6074369
   (10th Cir. Nov. 20, 2018) .......................................................... 7

*United States v. McKibbon*, 878 F.3d 967 (10th Cir. 2017) ............................. 7

*United States v. Orange*, 447 F.3d 792 (10th Cir. 2006) ................................ 9

*United States v. Taylor*, 843 F.3d 1215 (10th Cir. 2016) ................................ 7

*United States v. Weeks*, 653 F.3d 1188 (10th Cir. 2011) ............................... 14

## FEDERAL STATUTES AND SENTENCING GUIDELINES

18 U.S.C. § 924(e)(2) ................................................................ 7

28 U.S.C. § 2255 ............................................................. *passim*

28 U.S.C. § 2255(b) ............................................................................... 13

U.S.S.G. § 4B1.1................................................................................. 3, 5

U.S.S.G. § 4B1.2......................................................................................7

U.S.S.G. § 5K2.13....................................................................................6

## FEDERAL RULES AND AUTHORITIES

Fed. R. Crim. P. 11................................................................... 10, 13, 14

## OKLAHOMA STATUTES

Okla. Stat. tit. 21, § 645..........................................................................7

Okla. Stat. tit. 63, § 2-401 ......................................................................7

For the reasons set forth below, this Court should deny Mr. Embry's amended § 2255 motion. (Doc. 477; *see* Doc. 479).

## RELEVANT FACTS

***Mr. Embry pleaded guilty, telling this Court under oath that he had not taken any drugs, medicine, or pills in the previous seven days.***

In 2016, Mr. Embry pleaded guilty to a drug conspiracy. (Doc. 403). The facts underlying the conspiracy are not at issue in this § 2255 proceeding and will not be described here. Mr. Embry retained Shannon McMurray as his attorney, and she represented him at his change-of-plea hearing and sentencing. (Docs. 149, 279, 402).

In his Petition to Enter Plea of Guilty, Mr. Embry stated that his mind was clear, that he was not under any doctor's care and that he had not taken any "drugs, medicine or pills" within the past seven days. (Doc. 282 at 4). Mr. Embry further stated that he had never been confined to any institution for treatment of mental health and never been adjudicated mentally incompetent. (*Id.*).

During the change-of-plea colloquy, after Mr. Embry was placed under oath, this Court asked if he had been recently treated for any mental illness of any kind and Mr. Embry testified, "not recently, no, Your Honor." (Plea Tr. at 2-3, 5-6). Mr. Embry explained that he had been treated for bipolar

1

disorder "a long time ago," when he was a kid. (*Id*. at 6). Mr. Embry could not recall when he had been treated specifically. (*Id*.).

Mr. Embry told the Court that he had been treated for addiction to marijuana and cough syrup in 2003, but that he was not under the influence of any drug or medication at the time of his change of plea. (*Id*. at 6-7). The Court asked Ms. McMurray if there was "any reason from what [she] could perceive that [they] ought not to proceed" with Mr. Embry's plea, and she responded, "No, Your Honor." (*Id*. at 7).

***The PSR mentioned Mr. Embry's childhood mental health issues, but noted that he stated it had been years since he had taken medication to help control his mental health issues.***

After Mr. Embry pleaded guilty, a Presentence Investigation Report was prepared, stating that Mr. Embry was a member of the 107 Hoover Crips street gang, and from 2014 to 2015, had led a drug-distribution organization, utilizing multiple locations in Tulsa to store and distribute cocaine base. (PSR at ¶ 12). Mr. Embry used at least seven people as runners to distribute cocaine base from and to a variety of locations to avoid detection and loss if in case law enforcement searched any particular location. (*Id*. at ¶ 13). Mr. Embry directed or was physically present at 12 controlled buys between his distributors and police informants, and acted as a manager or supervisor of the criminal activity. (*Id*. at ¶¶ 12-14, 26). He had a history of criminal activity dating back to 1996, including prior convictions that qualified him as

a career offender. (PSR at ¶¶ 29, 33-57).

The PSR specifically addressed Mr. Embry's mental and emotional health:

> Embry reported that when he was a child he was diagnosed with bipolar disorder and depression. **Embry stated that it has been years since he has been on any medication to help control his mental health issues.** Although requested, no documentation of this assessment has been provided.

(*Id.* at ¶ 62) (emphasis added). The PSR also described Mr. Embry's long history of substance abuse, explaining that he had been smoking marijuana since age 11, used ecstasy from the age of 13 to 18, and began abusing cough syrup age 19 through his arrest. (*Id.* at ¶ 63). Although Mr. Embry reported that he received some drug treatment while confined with the Oklahoma Department of Corrections, he stated the treatment was not successful. (*Id.*).

Because Mr. Embry had prior convictions for a crime of violence (assault with a dangerous weapon) and a controlled substance offense (possession of a controlled drug with intent to distribute), the Presentence Investigation Report classified him as a career offender under USSG § 4B1.1, which led to a guideline range of 262 to 327 months. (*Id.* at ¶¶ 29; 69).

Before sentencing, Mr. Embry wrote a letter to this Court seeking leniency, but did not mention any diminished capacity defense, bipolar disorder, or depression. (Doc. 389). On November 17, 2016, this Court granted a downward departure and sentenced Mr. Embry to 180 months of imprisonment. (Doc. 403; see Doc. 402). Mr. Embry filed a direct appeal,

which the Tenth Circuit dismissed based on the appellate waiver in his plea agreement. *United States v. Embry*, 689 F.App'x 617 (10th Cir. 2017) (*unpublished*).

### *Mr. Embry filed a § 2255 motion alleging that Ms. McMurray was ineffective for failing to challenge the predicates for his career offender sentence.*

On January 29, 2018, Mr. Embry filed a motion under 28 U.S.C. § 2255 alleging that Ms. McMurray was ineffective for failing to challenge the predicates for his career offender sentence based upon the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016). (Doc 469 at 15, 19). The government responded, explaining why both of his prior convictions continue to qualify as predicates for his Career Offender sentence. (Doc. 475).

### *Mr. Embry amended his motion to add a claim that Ms. McMurray was ineffective for failing to tell the Court of his mental health issues.*

On May 21, 2018, Mr. Embry filed a motion to amend his motion, alleging that Ms. McMurray was "ineffective for failing to reveal to the court that the defendant reduced mental capacity due to bipolar disorder and depression that substantially to the commission of the under lying offense (*sic*)." (Doc. 477). This Court granted Mr. Embry's motion, permitting him to "submit a supplement of up to five (5) pages to his § 2255 motion – plus any related evidentiary materials – regarding his supplemental claim for ineffective assistance based on trial counsel's failure to raise diminished capacity related

4

to Mr. Embry's bipolar disorder and depression." (Doc. 479). The Court specifically restricted the supplement to Mr. Embry's diminished capacity argument, stating "[n]o additional arguments may be raised without leave of court." (*Id.*).

On September 24, 2018, Mr. Embry filed a motion for discovery, asking the court to subpoena his medical records from Creek County jail and to provide a copy of the records to all the parties. (Doc. 481). He then filed a supplement to his § 2255 motion, arguing that Ms. McMurray was ineffective for failing to inform the Court about his mental health issues. (Doc. 482). In his supplement, Mr. Embry alleged that at the time of his guilty plea, he told Ms. McMurray that his condition required "him to take anti-psychotic medication," that "recently the doctors increased his dosage and the defendant was not ful (*sic*) lucid." (*Id.* at 4). Mr. Embry asserted that "[b]ecause of the intensity of the Defendant's symptoms, the Doctors in the jail allowed him to not only recieve (*sic*) Seroquel, but also at a higher dosage." (*Id.* at 5). He claimed "he was on this medication when he met with his attorney in ope (*sic*) court as he was coerced into taking a plea against his previous and current objections." (*Id.*).

In violation of this Court's directive, Mr. Embry also sought to supplement his earlier claims that his prior convictions did not qualify as predicates under the career offender guideline USSG § 4B1.1. (Doc. 482 at 3). In closing,

5

he raised three separate allegations of ineffectiveness, arguing that: (1) Ms. McMurray should have objected to the PSR and made certain the record held his complete medical records;[1] (2) she should have persuaded the government that the career offender enhancement did not apply to Mr. Embry and obtained a more favorable plea agreement, and (3) she should have filed motions challenging the use of Mr. Embry's prior convictions at sentencing. (*Id*. at 5).

## Arguments and Authorities

**I. Mr. Embry's second and third arguments violate this Court's order, and fail in any event.**

The second and third allegations in Mr. Embry's supplement do not relate to "his supplemental claim for ineffective assistance based on trial counsel's failure to raise diminished capacity related to Mr. Embry's bipolar disorder and depression." (Doc. 479). Thus, they violate this Court's directive that "[n]o additional arguments may be raised without leave of court," and should

---

[1] Embry's supplement appears only to challenge Ms. McMurray's failure to object to the PSR's failure to describe fully his history of mental illness; however, his motion to amend suggested that he wished to challenge her failure to lodge a specific objection to the PSR's failure to include a downward departure for diminished capacity. Even if Mr. Embry's supplement could be read to present the latter argument, he would not have been eligible for a diminished capacity reduction under USSG § 5K2.13. The facts of the offense belie any suggestion that Mr. Embry suffered from a "significantly reduced mental capacity:" He "led a drug distribution organization" and "regularly directed at least seven individuals to distribute cocaine base for him." (PSR at ¶ 12). Moreover, the diminished-capacity departure is not available if "the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants." USSG § 5K2.13.

6

be rejected on that basis. However, even if this Court were to consider Mr. Embry's additional arguments about his career offender sentence, those arguments are entirely meritless.

First, for the reasons set forth in the government's original response (Doc. 475), Mr. Embry's conviction for possession of a controlled drug with intent to distribute continues to qualify as a "controlled substance offense" under § 4B1.2. Indeed, since the government's original response, a panel of the Tenth Circuit has adopted the government's argument "that the Oklahoma drug statute differs critically from the Texas, Kansas, and Colorado statutes at issue in *Hinkle*, *Madkins*, and *McKibbon*." Doc. 475 at 3-4; *accord United States v. Johnson*, 732 F.App'x 704, 706 (10th Cir. 2018) (holding that conviction under Okla. Stat. tit. 63, § 2-401 qualified as a serious drug offense under § 924(e)(2)(A)(ii) because unlike the statutes at issue in *Madkins* and *McKibbon*, "the Oklahoma statute does not include offers to sell drugs.").

Second, as set forth in the government's original response, the Tenth Circuit has explicitly held that Assault & Battery with a Dangerous Weapon, in violation of Okla. Stat. tit. 21, § 645 remains a crime of violence under § 4B1.2(a)(1). *United States v. Taylor*, 843 F.3d 1215, 1224-25 (10th Cir. 2016); *see also United States v. Maxwell*, ---F.App'x---, 2018 WL 6074369 at *1 (10th Cir. Nov. 20, 2018) ("even assuming Maxwell's convictions [for assault and battery with a dangerous weapon Okla. Stat. tit. 21, § 645] were treated as

7

violent felonies under the ACCA's residual clause at the time of the original sentencing hearing, any such error was harmless because the relevant convictions qualified as violent felonies under the ACCA's elements clause.").

Thus, because both of the predicates for Mr. Embry's Career Offender sentence remain valid, Ms. McMurray did not render deficient performance by failing to file motions challenging the use of those predicate convictions. Moreover, even had her performance been deficient, Mr. Embry cannot show that he was prejudiced by those deficiencies, because he still qualifies for a career offender sentence. For the same reasons, Ms. McMurray did not render deficient performance by failing to persuade the government that the career offender enhancement did not apply to Mr. Embry. As a result, Mr. Embry cannot demonstrate that the government would have offered him a more favorable plea agreement, and cannot show he was prejudiced by Ms. McMurray's failure to seek one. Accordingly, this Court should reject both of these grounds for Mr. Embry's § 2255 motion.

## II. Ms. McMurray did not render ineffective assistance of counsel in failing to object to the PSR's discussion of Mr. Embry's mental health issues.

### A. Applicable Standards

To demonstrate that his attorney's assistance was so ineffective as to require reversal of his conviction, Mr. Embry must satisfy both components of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he

must show that Ms. McMurray's performance was deficient, which requires showing that her "performance fell below an objective standard of reasonableness." *Id.* at 687-8. "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689-70. Thus, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome to presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.*

Second, Mr. Embry must show that counsel's deficient performance prejudiced the defense; i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694. Because Mr. Embry "must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." *United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006). "The performance component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'"

9

*Smith v. Robbins*, 528 U.S. 259, 286 n. 14 (2000) (quoting *Strickland*, 466 U.S. at 697).

Here, Mr. Embry's ineffective assistance claim fails because Ms. McMurray did not render deficient performance by failing to object to the PSR.

### B. During his change of plea, Mr. Embry told this Court under oath, that he was not under the influence of medication, and was not being treated for a mental illness.

As part of its Rule 11 colloquy, this Court closely questioned Mr. Embry about his history of mental illness and use of drugs. (Plea Tr. at 3; 5-7). Under oath, Mr. Embry told this Court that he had not "recently" been treated for any mental illness of any kind. (*Id.* at 6). In response, the Court questioned him more closely. (*Id.*). Mr. Embry explained that he had been treated for bipolar disorder "a long time ago." (*Id.*). Although he couldn't give a specific time, Mr. Embry confirmed that it was when he was a kid. (*Id.*). Mr. Embry also described his addictions to marijuana and cough syrup, which he had been treated for while in the penitentiary in 2003. (*Id.*). Finally, when the Court asked him if he was "currently under the influence of any drug, medication, or alcoholic beverage of any kind," Mr. Embry answered, "No, Your Honor."

Mr. Embry's statements in his change-of-plea hearing were entirely consistent with the representations in his petition to enter a plea of guilty,

10

which he signed after having been placed under oath, and after having told this Court that he was familiar with all of the statements contained in the petition, and that they were all "true, correct, and complete." (Plea Tr. at 20-21). In that plea petition, under the heading STATE OF MIND, Mr. Embry represented, "My mind is clear. I am not under the influence of alcohol or drugs, and I am not under a doctor's care." (Doc. 282 at 4). Immediately following that statement, Mr. Embry acknowledged that he had not taken any drugs by writing "none" on the line beneath the statement "The only drugs, medicine or pills that I took within the past seven (7) days are: [NOTE: If none, so state.]" (*Id.*).

### C. Ms. McMurray confirms that to her knowledge, Mr. Embry was not under the influence of medication at his change-of-plea hearing.

Mr. Embry's contemporaneous statements are corroborated by his former attorney, Ms. McMurray. In her affidavit, she states that to her recollection, "Mr. Embry did not tell [her] that he was taking anti-psychotic medication, or any medication, at the time of his guilty plea." (Affidavit of Shannon Michelle McMurray, Attachment 1 at ¶ 4). She notes that had Mr. Embry told her he was "on any mental health drug or otherwise being treated for mental illness, that would have been reflected in his Plea Petition to this Court." (*Id.*).

Ms. McMurray also avers that "during his change-of-plea hearing and colloquy with this Court, Mr. Embry did not appear to be intoxicated or under

11

the influence of any drug." (*Id*. at ¶ 6). Indeed, she notes, had she noticed any behavior that indicated that Mr. Embry was intoxicated, she would have so "informed the Court when asked if there was any reason [she] could perceive that [they] should not proceed with his guilty plea." (*Id*). Ms. McMurray specifically controverts Mr. Embry's claim that she told him to just say "yes" to everything the Court asked.

### D. *Ms. McMurray did not render deficient performance by failing to raise mental health issues Mr. Embry denied having.*

Mr. Embry contends that Ms. McMurray rendered deficient performance by failing to object to the PSR and to ensure that the "records held the petitioner's medical history en toto." However, Ms. McMurray cannot have been ineffective for not reporting information she did not know. Here, Mr. Embry explicitly denied to this Court, under oath, having been recently treated for mental illness, or taking any medication within seven days of his change-of-plea hearing. Thus, Ms. McMurray did not render deficient performance by failing to inform the Court that Mr. Embry was being treated for mental illness, or for objecting to the PSR on that basis.

### E. *Even had Ms. McMurray rendered deficient performance, Mr. Embry was not prejudiced as a result.*

Moreover, even had Ms. McMurray rendered deficient performance in failing to raise Mr. Embry's history of mental illness, he cannot demonstrate that he was prejudiced by the allegedly deficient performance. Both his plea

colloquy and the PSR actually did reflect Mr. Embry's history of mental health and substance abuse issues. (Plea Tr. at 6-7; PSR at ¶¶62, 63). In fact, the PSR, consistent with Embry's plea petition and plea colloquy, notes that "Embry states that it has been years since he has been on any medication to help control his mental health issues." (*Id.* at ¶ 62).

### III. This Court need not hold an evidentiary hearing on Mr. Embry's § 2255 motion.

A district court need not conduct an evidentiary hearing on a defendant's §2255 motion where the motion and the files and records of the case conclusively show he is entitled to no relief. *Cf.* § 2255(b). Here, for the reasons set forth above, Ms. McMurray did not render deficient performance by failing to notify the Court of Mr. Embry's mental health issues, and Mr. Embry was not prejudiced by the failure in any event, where those issues were discussed both at his plea colloquy and in his PSR.

Moreover, Mr. Embry's unsupported allegations that he was under the influence of Seroquel during his change-of-plea hearing directly contradict his contemporaneous sworn statements to this Court. The truth and accuracy of Embry's statements made while under oath during his change-of-plea colloquy should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements. *See Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975);

13

*United States v. Weeks*, 653 F.3d 1188, 1205 (10th Cir. 2011). Mr. Embry's conclusory allegations, presented without supporting facts, are insufficient to state a claim on which a § 2255 motion can be granted. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Even if Mr. Embry's unsupported allegations could provide a reason for disbelieving his sworn Rule 11 statements, the records of the case nonetheless conclusively show he is entitled to no relief. First, Ms. McMurray's affidavit establishes that "Mr. Embry did not tell [her] that he was taking anti-psychotic medication, or any medication, at the time of his guilty plea." Her sworn statement is corroborated by Mr. Embry's plea petition, signed under oath, indicating that he was not under the influence of alcohol or drugs or under a doctor's care, and that had not taken any drugs, medicine, or pills that within the past seven days. Both of those statements were also corroborated by Mr. Embry's PSR, which indicated that at a post-plea interview with a probation officer, Mr. Embry "reported that when he was a child he was diagnosed with bipolar disorder and depression," but "stated that it has been years since he has been on any medication to help control his mental health issues." (PSR at ¶ 62).

Most importantly, this Court is in the best position to assess Mr. Embry's claim that he was in an "intoxicated blur" during his change-of-plea hearing. Because this Court conducted that hearing, and engaged in a long and

thorough plea colloquy with Mr. Embry, it can independently determine whether to credit Mr. Embry's belated, conclusory assertions that he was under the influence of Seroquel during that plea, or his contemporaneous, sworn statements that was not "under the influence of any drug, medication, or alcoholic beverage of any kind."

## CONCLUSION

For the reasons set forth above, the Court should deny Mr. Embry's amended § 2255 motion.

Respectfully submitted,
R. TRENT SHORES
United States Attorney

 /s/ Leena Alam
Leena Alam, OBA # 19035
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
918.382.2700
leena.alam@usdoj.gov

15

## CERTIFICATE OF SERVICE

 I certify that on November 29, 2018, I electronically transmitted the foregoing to the Clerk of the Court using the ECF System for filing and that, a true and correct copy of the foregoing was served by first-class mail, postage prepaid, to the following who is not an ECF registrant:

Vysean Leandre Embry, No. 09588-062
FCI Manchester
PO Box 4000
Manchester, KY 40962
Defendant, Pro se

          /s/ Herbert W. Wright, III
          Herbert W. Wright, III
          Paralegal Specialist