IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-CR-00133-GKF-1 |
| | ) | |
| VYSEAN LEANDRE EMBRY, | ) | |
| Petitioner. | ) | |

**PETITIONER'S MOTION FOR LEAVE TO FILE A REPLY TO RESPONDENT'S RESPONSE TO HIS MOTION FOR RELIEF UNDER THE FIRST STEP ACT**

COMES NOW the Petitioner, VYSEAN LEANDRE EMBRY, through his attorney, Debra K. Hampton, and submits this as set forth above. In support thereof, Petitioner states:

**ARGUMENT AND AUTHORITY**

Mr. Embry was convicted under 21 U.S.C. § 841(b)(1)(A)(iii) and maintains that this Court has jurisdiction to modify his sentence. The Government has responded to Mr. Embry's request for relief and maintains that he is not eligible to receive a reduction in his sentence, but Mr. Embry maintains that he is because the enhancements used to sentence him are no longer qualifying enhancements. Under the terms provided for by 21 U.S.C. § 841(b)(1)(A)(iii) establishes a violation such as Mr. Embry's:

> shall be sentenced to a term of imprisonment which **may not be less than 10 years or more than life**… If any person commits such a violation after a prior conviction for a **serious drug felony** or **serious violent felony** has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years and not more than life imprisonment…. If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after 2 or more prior convictions for a **serious drug felony** or **serious violent felony** have become final, such person shall be sentenced to a term of imprisonment of not less than 25 years and fined in accordance with the preceding sentence.

According to the United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 2021) ("USSG") USSG § 2D1.1(5) provides that Petitioner's offense was a base level 30

1

establishing that a person must have "[a]t least 280 G but less than 840 G of Cocaine Base" and follows 21 U.S.C. § 841(b)(1)(A)(iii). The resulting sentence for Petitioner's offense would be a statutory minimum term of ten years or 120 months.

The Government concedes that to qualify as a "serious drug felony," the prior conviction must carry "a maximum term of imprisonment of ten years or more." See 21 U.S.C. § 802(57); 18 U.S.C. § 924(e)(2)(A)(ii) and that Mr. Embry's prior drug conviction carried a maximum seven-year term. 63 Okla. Stat. § 2-401(b)(1). (Dkt. # 575 at 7, fn. 3). The predicate offense is no longer a qualifying enhancement. Next, the Government claims that Mr. Embry's prior Oklahoma assault conviction satisfies both definitions of a "serious violent felony" under §§ 841(b)(1)(A) and 802(58) and maintains if he was sentenced today, he would be subject to an enhanced mandatory minimum sentence of 15 years. (Dkt. # 575 at 10).

The Government argues that under Tenth Circuit precedent Mr. Embry still qualifies as a career offender under current law. "A defendant is a career offender if he commits a felony 'controlled substance offense' or 'crime of violence' when he is over 18 and when he already has two prior such felony convictions. USSG § 4B1.1(a). The offense level for career offenders is based on the statutory maximum for their crime of conviction, not the drug quantity tables. USSG § 4B1.1(b)." *Terry v. U.S.*, 141 S. Ct. 1858, 1866 (2021) The Government relies on precedent that has been overruled in part by *Borden v. United States*, 141 S.Ct. 1817 (2021) where the United States Supreme Court held:

> The phrase "against another," when modifying a volitional action like the "use of force," demands that the perpetrator direct his force at another individual. Reckless conduct is not aimed in that prescribed manner. *Leocal*[1] confirms that conclusion. When read against the words "use of force," the Court explained, the "against" phrase—the definition's "critical aspect"—"suggests a higher degree of intent" than (at least) negligence. 543 U.S., at 9, 125 S.Ct. 377. That understanding of "against"

---

[1] *Leocal v. Ashcroft*, 543 U.S. 1 (2004)

contradicts the Government's view that the phrase here does not incorporate a mens rea requirement.

Mr. Embry maintains that under *Borden* he cannot be considered a violent offender because a reckless action cannot constitute a "violent felony." An offense qualifies as a violent felony under ACCA's elements clause if it necessarily involves "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

However, in *Borden v. U.S.*, *supra*, the Court addressed Borden's argument that mere recklessness sufficed for a conviction under the statute. As in the case at bar, Petitioner's mere recklessness was not a violent felony as he was only negligent under the elements of the statute. Recklessness and negligence are less culpable mental states because they instead involve insufficient concern with a risk of injury. A person acts recklessly, in the most common formulation, when he "consciously disregards a substantial and unjustifiable risk" attached to his conduct, in "gross deviation" from accepted standards. The Government's argument regarding Mr. Embry is much like it was in *Borden* where the government argued the statutes covering reckless conduct can also "cover[] classically violent crimes" was rejected "given ACCA's categorical approach." *Borden*, *supra*, at 1832. Because a law criminalizing recklessness covers—indeed, was likely designed for—that kind of conduct, the offense cannot count as a violent felony. *Id.* A crime that can be committed through mere recklessness does not have as an element the "use of physical force" because that phrase "has a well-understood meaning applying only to intentional acts designed to cause harm." *Voisine v. U.S.,* 136 S.Ct. 2272, 2290 (2016).

Mr. Embry argues that because of the change in law regarding his enhancements should be construed as an intervening change in constitutional law warranting such a reduction retroactively, because Mr.  sentence because the predicate felonies are no longer qualifying enhancements. A defendant must establish not just a significant change in the law but also that the law in question

applies retroactively under *Teague v. Lane,* 489 U.S. 288 (1989). "A new substantive rule—for example, a rule that particular conduct cannot constitutionally be criminalized—usually applies retroactively on federal collateral review." *See Edwards v. Vannoy*, 141 S. Ct. 1547, 1555 n.3 (2021) (citing *Welch v. United States*, 578 U.S. 120, 128–129 (2016)) The changes in law today would have altered the ultimate outcome because it changed the range of conduct that the law punishes. *Id. See also Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) (emphasis deleted)

The Eighth Circuit Court of Appeals addressed the Government's argument that the "threatens" alternative … still qualifies as a crime of violence after *Borden*, because a threat must be intentional. *See United States v. Frazier*, No. 21-2187, (8th Cir. 2022) the Court said,

> But the question under the force clause is not simply whether the defendant made an intentional threat, but whether the defendant threatened the use of physical force against the person of another. As discussed, the acts proscribed under the first alternative of § 708.6(2) do not constitute a use, attempted use, or threatened use of force against the person of another. Threatening to commit an act that does not satisfy the force clause likewise does not satisfy the force clause, even if the threat itself is intentional. The best evidence of Iowa law also suggests that the "threatens" alternative does not require proof that the offender's threat itself placed someone "in reasonable apprehension of serious injury." *In re E.B.,* No. 17-0651, 2018 WL 1099480, at *2 (Iowa Ct. App. Feb. 21, 2018).

*Id.*

In *Frazier,* the Court concluded "that Frazier's violation of § 708.6(2) does not have as an element the use, attempted use, or threatened use of force against the person of another. The offense thus does not qualify as a crime of violence under USSG § 4B1.2(a)(1). As a result, *Frazier* does not qualify as a career offender under the guidelines based on that conviction." The same applies here and because Petitioner cannot be considered a career offender under the current law his sentence should be modified.

4

## CONCLUSION

Mr. Embry respectfully moves the Honorable Court to grant resentencing him to a term below the mandatory minimum or alternatively to a term of 120 month. IT IS SO PRAYED!

Respectfully submitted,

/s/ *DEBRA K. HAMPTON*
DEBRA K. HAMPTON, OBA # 13621
Hampton Law Office, PLLC
3126 S. Blvd., # 304
Edmond, OK 73013
(405) 250-0966
(866) 251-4898 (fax)
hamptonlaw@cox.net
Attorney for Petitioner

## CERTIFICATE OF SERVICE

This is to certify that on March 8, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:
leena.alam@usdoj.gov

I hereby certify that on March 9, 2023, I served the attached document by regular U.S. Mail on the following, who is not registered participants of the ECF System:

Vysean L. Embry, Sr. # 095-88062
FMC Fort Worth
3150 Horton Rd.
Fort Worth, TX 76119

/s/ DEBRA K. HAMPTON