UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 15-CR-133-001-GKF |
| VYSEAN LEANDRE EMBRY, | |
| Defendant. | |

**Response in Opposition to Defendant's § 3582(c)(1)(A) and (c)(2)
Motion for Reduction of Sentence (Dkt. # 579 and 585)**

The Court should deny Vysean Embry's motion for reduction of sentence for several reasons. First, he has not shown an extraordinary and compelling reason for a sentence reduction. Section 1B1.13(b)(6) does not apply to Embry, and, even if it did, Embry has not shown a gross disparity because his career offender sentence also falls within the Guidelines range he would face without the career offender enhancement. Second, under the applicable standard, ample evidence supported the two-level firearm enhancement. Furthermore, Embry's health issues do not amount to an extraordinary and compelling reason for a sentence reduction, and his rehabilitation, by itself, cannot constitute such a reason. Finally, because he has criminal history points but no "status points," Embry is not entitled to a sentence reduction under Amendment 821 to the Sentencing Guidelines.

## Factual Background

In 2015, Embry, a member of the 107 Hoover Crips, led a crack cocaine distribution operation out of a Tulsa motel. (PSR at ¶¶ 12–14). He managed at least seven other people who acted as his distributors. (*Id.* at ¶ 13). Embry's operation distributed more than 280 grams of crack cocaine in the Tulsa area. (*Id.* at ¶ 17). Following several controlled buys, a federal complaint charged Embry with distributing cocaine base. (*Id.* at ¶¶ 2, 14). He had previous state convictions for violating 63 Okla. Stat. § 2-401 and 21 Okla. Stat. § 645, for which he had received concurrent five-year sentences, and served more than 21 months. (PSR at ¶¶ 38–39; *see also* Dkt. # 565 at 6–7).[1]

A federal grand jury charged Embry in a 29-count indictment, including a charge for drug conspiracy involving 280 grams or more of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii)(II). (*Id.* at ¶ 9; Dkt. # 255). The government filed a § 851 Information, notifying Embry that based on his prior felony drug conviction he faced an increased penalty, including a mandatory minimum sentence of 20 years. (Dkt. # 258; *see* 21 U.S.C. § 851 (2016)). Embry pleaded guilty to the conspiracy charge. (*See* PSR at ¶ 11; Dkt. # 403).

Embry's offense level before accounting for his acceptance of responsibility was 37. (PSR at ¶¶ 22–28). He also qualified as a career offender under USSG § 4B1.1,

---

[1] Embry has accrued a lengthy criminal history going back to age 12, including juvenile convictions for burglary, cruelty to animals, and assaulting a victim with a tire iron. (*See* PSR at ¶¶ 33-43).

2

because he was over 18 at the time of his offense conduct, he had prior felony convictions for both a crime of violence and a controlled substance offense, and, at the time, his crime of conviction qualified as a controlled substance offense. (PSR at ¶¶ 29, 38-39; USSG § 4B1.1). Embry's career offender status, combined with the fact that he faced a maximum sentence of life, also set his base offense level at 37 while placing him in Criminal History Category VI. (PSR at ¶¶ 29, 44; USSG § 4B1.1(b)). Without his career offender status, Embry's prior convictions would have placed him in Criminal History Category V. (PSR at ¶ 44). After a three-level reduction for acceptance of responsibility, he faced a total offense level of 34 and a Guidelines sentencing range of 262 to 327 months. (PSR at ¶¶ 30-31, 69; Dkt. # 397).

At Embry's November 2016 sentencing, this Court granted the government's § 3553(e) motion and departed four more levels to a total offense level of 30 and a sentencing range of 168 to 210 months. Without a career offender designation—*i.e.*, with his Category V Criminal History rather than the Category VI applicable to career offenders—Embry would have faced a sentencing range of 151 to 188 months. This Court ultimately imposed a 180-month term, which falls within both ranges, well below the otherwise-applicable 20-year mandatory minimum. (Dkt. ## 402, 403; 433 at 5:16 – 6:1).

Embry filed a direct appeal, which the Tenth Circuit dismissed in accordance with the appeal waiver in his plea agreement. *See United States v. Embry*, 689 F. App'x 617, 619 (10th Cir. 2017). Embry later filed a § 2255 motion asserting ineffective assistance of counsel. (*See* Dkt. # 469). This Court denied that motion, and further

3

denied Embry a certificate of appealability. (Dkt. # 489). Embry then sought permission to file a second or successive motion under § 2255 (*see* Tenth Circuit Case No. 19-5113), which the Tenth Circuit denied. (*See* Dkt. # 534). Embry has served 100 months of his 180-month sentence.

The Bureau of Prisons rates Embry's health as Level 1, "Healthy or Simple Chronic Care," with care for mental health. He suffers from tinnea pedis, obesity, and opioid use disorder, among other things. (Exhibit 1, Excerpts from BOP Health Services Report at 1, 4–5). He has received both doses of the Moderna COVID-19 vaccine, as well as the Pfizer-BioNTech COVID-19 booster. (*Id.* at 2).

***Embry now seeks a reduction of his sentence under §§ 3582(c)(1)(A) and (c)(2).***

Embry moved for a sentence reduction under § 3582(c)(1)(A), and this Court ordered the government to respond. (Dkt. ## 579 and 582). Embry later supplemented his original motion with a brief seeking relief under § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. (Dkt. # 585). In his original motion, Embry argues that he is not a career offender under USSG § 4B1.1 because his offense of conviction—conspiracy to distribute cocaine base—is not a controlled substance offense under § 4B1.2(b). (Dkt. # 579 at 20–25). Embry also argues that he should not have received a two-level enhancement for possessing a firearm, that there are unwarranted sentencing disparities between him and others who have received sentence reductions, that his rehabilitation shows he is ready to reenter society, and that his health conditions coupled with the risk of COVID-19 justify a

reduction of his sentence. (*Id.* at 15–17; 25–37). In his supplemental brief, Embry makes general assertions about applying Amendment 821 to his sentence.

## Argument & Authorities

**I. The Court should deny Embry's motion under § 3582(c)(1)(A) because he cannot show an extraordinary and compelling reason for a sentence reduction.**

A district court may grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), "only if three requirements are met: (1) . . . extraordinary and compelling reasons warrant such a reduction; (2) . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a)." *United States v. Maumau*, 933 F.3d 821, 831 (10th Cir. 2021). In *Maumau*, the Tenth Circuit held that the policy statement in USSG § 1B1.13 was not applicable to compassionate release motions filed directly by defendants, because the Sentencing Commission had been unable to revise the policy statement after Congress's amendment of § 3582(c)(1) to permit defendant-filed motions. 933 F.3d at 836–37. Therefore, under *Maumau*, district courts' findings that "extraordinary and compelling reasons" warranted a sentence reduction were "not constrained by the Sentencing Commission's existing policy statement." *Id.* at 837.

However, the Sentencing Commission recently promulgated amendments to the Guidelines that apply to prisoner-filed motions for sentence reduction. The amendments include revisions to the policy statement in USSG § 1B1.13 and its commentary that broaden the definition of "extraordinary and compelling reasons"

for purposes of § 3582(c)(1)(A). Accordingly, at the second step of the compassionate release analysis, district courts are again bound to determine whether a potential reduction is consistent with § 1B1.13 as amended to address the First Step Act.

Notably, a district court may deny a sentence reduction "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others." *United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021); *see also United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2742 (2022). The defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Gunkel*, No. 16-CR-061, 2023 WL 6160612 at *2 (N.D. Okla. Sept. 21, 2023) citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

### A. *Embry cannot show an extraordinary and compelling reason for reducing his sentence, because no gross disparity exists between the sentence he received and the sentence he would receive today.*

Although Embry's offense of conviction would not qualify him as a career offender today, he would not qualify for a sentence reduction under the Gudelines amended policy statement in USSG § 1B1.13(b)(6). Moreover, the amendment's expansion of compassionate release to non-retroactive changes in the law is contrary to § 3582(c)(1)(A)'s text, structure, and purpose. In any case, the 180-month sentence this Court imposed on Embry falls within the 151-to-188-month sentencing range Embry would face even without the career offender enhancement. Accordingly, even if § 1B1.13(b)(6) was valid and applicable, Embry has not demonstrated an extraordinary and compelling reason for a sentence reduction because he has not

shown a gross disparity between the sentence he received and the sentence he would receive today without the career offender enhancement.

   1. *Embry would not receive a career offender enhancement if sentenced today.*

The Guidelines define a career offender as a defendant (1) who was at least 18 at the time he committed the offense of conviction, (2) whose offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) who has at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1. Embry would not qualify as a career offender today because he pleaded guilty to conspiracy to distribute cocaine base, which is no longer considered a controlled substance offense. *See United States v. Crooks*, 997 F.3d 1273, 1279 (10th Cir. 2021) (A "drug conspiracy conviction of 21 U.S.C. § 846 is not a 'controlled substance offense' within the meaning of the career offender guideline."). Thus, today, Embry would not meet the second prong of the Guidelines' career offender definition, and would not be subject to a career offender enhancement.

   2. *This Court cannot reduce Embry's sentence based on USSG § 1B1.13(b)(6).*

The Sentencing Commission's amendment to § 1B1.13 lists circumstances that qualify as "extraordinary and compelling," including unusually long sentences, where a defendant has served at least ten years, and a change in the law (other than non-retroactive guidelines amendments) would produce a gross disparity between the sentence being served and the sentence likely to be imposed when the motion is filed. USSG § 1B1.13(b)(6). Embry's motion, based on the lower sentence he would

7

receive today, without the career offender enhancement, fails for two reasons.

    a. Subsection (b)(6) of § 1B1.13 is invalid because it conflicts with the Sentencing Reform Act's overarching purpose and Congress's specific intent with respect to § 3582(c)(1)(A).

First, although Congress delegated broad authority to the Sentencing Commission, subsection (b)(6) is contrary to § 3582(c)(1)(A)'s text, structure, and purpose, and is, therefore, invalid. Section 3582(c)(1)(A) provides an "except[ion]" to the overarching principle of federal sentencing that a "federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress instructed that any reason sufficient to overcome that general principle must be "extraordinary and compelling." 18 U.S.C. § 3582(c)(1)(A)(i). No reasonable interpretation of that phrase's text, particularly when considered in light of § 3582(c)(1)(A)'s structure and purpose, can encompass nonretroactive or intervening changes in law.

As a matter of plain language, an intervening change in the law is neither "extraordinary" nor "compelling." The Tenth Circuit has determined that changes in law can qualify as extraordinary and compelling reasons in some circumstances, *see United States v. McGee*, 992 F.3d 1035, 1047–1048 (10th Cir. 2021), but it has yet to consider the amended policy statement.

Nonetheless, § 3582(c)(1)(A)'s statutory scheme confirms that the phrase "extraordinary and compelling reasons" does not encompass changes in law. Notably, in § 3582(c)(2), Congress expressly addressed the retroactive application of some changes in law. Congress authorized courts to modify a term of imprisonment

8

where a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see* 28 U.S.C. § 994(u) (directing the Commission to determine when such modifications are appropriate). There would have been no reason for "the same Congress, skeptical of sentence modifications as a general rule," to have "provide[d] for the retroactive application of specific changes in sentencing law in § 3582(c)(2)" had § 3582(c)(1)(A) "already covered all legal developments, retroactive or not." *United States v. McCall*, 56 F.4th 1048, 1056 (6th Cir. 2022) (en banc).

Consistent with Congress's goal of determinate sentencing, § 3582(c)(1)(A) was enacted as a narrow "safety valve" for "unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances." S. Rep. No. 98–225, at 55, 121 (1983). Congress anticipated that such "justification[s] for reducing a term of imprisonment" would arise in a "relatively small number" of cases, and specifically identified severe or terminal illness as the archetype of "extraordinary and compelling circumstances" that would justify reducing a sentence. *Id.* at 55–56, 121. However, subsection (b)(6) purports to allow a district court to reduce a defendant's sentence when, in the judge's estimation, the defendant received "an unusually long sentence" that, accounting for nonretroactive changes in law, now represents a "gross disparity" from the sentence the court would likely impose today. USSG § 1B1.13(b)(6). That authority is incompatible with the Sentencing Reform Act's overarching purpose and Congress's specific intent with respect to § 3582(c)(1)(A).

Even when reached through an exercise of delegated authority, an agency's interpretation of a statute must be set aside if the agency's interpretation is not "reasonable." *Mayo Found. for Med. Educ. & Research v. United States*, 562 U.S. 44, 58 (2011) (internal quotation marks omitted); *see Batterton v. Francis*, 432 U.S. 416, 428 (1977). Because subsection (b)(6) conflicts with § 3582(c)(1)(A)'s plain text, context, and purpose, the Commission's interpretation of the statute as set forth in subsection (b)(6) is unreasonable and therefore invalid. *Mayo Found.*, 562 U.S. at 58; *see United States v. LaBonte*, 520 U.S. 751, 753 (1997) (invalidating Guidelines amendment where "the Commission's interpretation is inconsistent with [the statute's] plain language").

  b. In any event, Embry would not qualify for a reduction under § 1B1.13(b)(6), because he has not served ten years, and because no gross disparity exists between the sentence he received and that he would face today.

Second, even if § 1B1.13(b)(6) were valid, Embry does not qualify for a reduction under its express terms. Section 1B1.13(b)(6) applies only to a defendant who "has served at least ten years." Embry has served eight years and four months of his sentence. Nor can Embry show that the elimination of the career offender enhancement would create the type of "gross disparity" required for a reduction to be consistent with the policy statement. The only effect of removing Embry's career offender enhancement is to reduce his Criminal History Category from VI to V. (*See* PSR at ¶ 44 and USSG § 4B1.1(b)). His offense level remains the same. (*See* PSR at ¶ 29). Thus, even with the four-level departure this Court granted at sentencing,

10

Embry would face a Guidelines range of 168 to 210 months with the career offender enhancement, and 151 to 188 months without the enhancement. (USSG § 5A; Dkt. # 433 at 5–6). Importantly, this Court sentenced Embry to 180 months, which falls within both ranges. Accordingly, even if § 1B1.13(b)(6) is valid, Embry has not demonstrated an extraordinary and compelling reason for a sentence reduction because he has not shown any disparity, let alone a gross disparity, between the sentence he received and the sentence he would face today.

### B. The general sentencing disparities on which Embry relies do not qualify as extraordinary and compelling under USSG § 1B1.13(b)(6).

Embry's argument that he should receive a sentence reduction based on the alleged disparity between the sentence he received and the sentences received by "comparable offenders" likewise fails, because § 1B1.13(b)(6) of the Guidelines, by its express terms, is limited to unusually long sentences and sentence disparities occasioned by changes in the law. Sentence disparities between what Embry and other offenders received simply are not the type of disparity that § 1B1.13(b)(6) references as potentially extraordinary and compelling.

### C. The two-level firearm enhancement cannot form a basis for reducing Embry's sentence under § 3582(c)(1)(A).

Embry further argues that he is "actually innocent" of possessing a firearm in the course of committing his drug offense – that the government never proved he possessed the firearm in furtherance of his drug offense, and that, as a result, he

should not have received a two-level enhancement under § 2D1.1(b)(1).[2] (Dkt. # 579 at 25–29). Embry's challenge to his sentence more properly belongs in a § 2255 motion. Indeed, a "§ 3582(c)(1)(A)(i) motion may not be based on claims specifically governed by 28 U.S.C. § 2255." *United States v. Wesley*, 60 F.4th 1277, 1289 (10th Cir. 2023); *see also United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (explaining that § 2255 provides the "principal path" that Congress has "established for federal prisoners to challenge their sentences" after they have become final). Embry has already filed (and lost) a § 2255 motion. (*See* Dkt. ## 469 and 489). This Court lacks jurisdiction to consider a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

### D. Embry's health issues and the risk of contracting COVID-19 do not rise to the level of an extraordinary and compelling reason.

Although Embry's obesity and substance use disorders qualify as risk factors for severe COVID-19 according to the CDC,[3] his health records reflect that he has received both doses of the Moderna COVID-19 vaccine and the Pfizer BioNTech COVID-19 booster. (*See* Exh. 1 at 2). This fact alone negates his eligibility for compassionate release based on the risks of COVID-19. *See, e.g., United States v. Gunkel*, No. 22-5055, 2022 WL 17543489 (10th Cir. Dec. 9, 2022) (unpublished)

---

[2] In any event, as Embry acknowledges, the government need only prove sentencing enhancements by a preponderance of the evidence. Therefore, Embry's claim fails on its merits, as he cannot show that the government was required to plead or prove the gun's make, model, caliber or serial number to support the firearm enhancement.

[3] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, last visited on December 20, 2023.

("COVID-19 vaccination status weighs against finding extraordinary and compelling circumstances."). Moreover, there is no COVID-19 emergency at FCI Petersburg Medium, where Embry is housed.[4]

### E. Embry's rehabilitation, by itself, cannot constitute an extraordinary and compelling reason for a sentence reduction.

Embry further points to his lack of disciplinary infractions and his academic efforts as a basis for a sentence reduction. (Dkt. # 579 at 29–31). But, rehabilitation efforts by themselves cannot qualify as extraordinary and compelling reasons for a sentence reduction. *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) ("Rehabilitation of the defendant alone… shall not be considered an extraordinary and compelling reason" for a sentence reduction) (quoting 28 U.S.C. § 994(t)).

## II. Embry is ineligible for a sentence reduction under Amendment 821, because he accrued ten criminal history points under § 4A1.1(a) and (c) and his criminal history computation included no status points under § 4A1.1(d)

Embry has filed a supplemental brief seeking relief under § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. (*See* Dkt. # 585). However, Embry is ineligible for a sentence reduction under either Amendment 821(A) or (B). He is ineligible for a reduction based on Amendment 821(A), which alters the application of "status points" in the Criminal History Category computation in § 4A.1.1(d), because he did not receive any criminal history status points under § 4A1.1(d) for

---

[4] *See* https://www.bop.gov/locations/institutions/pem/, last visited December 20, 2023 (showing FCI Petersburg Medium at COVID-19 Operational Level 1); *see also* https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp, last visited December 20, 2023 (describing the COVID-19 Operational Levels).

committing "the instant offense while under any criminal justice sentence, including imprisonment, work release, or escape status." USSG § 4A1.1(d). He is likewise ineligible for a reduction based on Amendment 821(B), which grants defendants having zero criminal history points a two-level reduction in their offense level under § 4C1.1, because he had accrued ten criminal history points before his offense of conviction in this case. (*See* PSR at ¶ 44).

## Conclusion

Because Embry cannot show an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A), and because Amendment 821 to the Sentencing Guidelines does not apply to Embry's sentence, this Court should deny his motion for reduction of sentence.

Respectfully submitted,
CLINTON J. JOHNSON
United States Attorney

 */s/ Leena Alam*
Leena Alam, OBA # 19035
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
918.382.2700
leena.alam@usdoj.gov

## Certificate of Service

I certify that on December 22, 2023, I electronically transmitted the foregoing to the Clerk of the Court using the ECF System for filing, and that a true and correct copy of this filing was served by first-class mail, postage prepaid, to the following, who is not an ECF registrant:

Vysean Embry
Reg. No. 09588-062
FCI Petersburg Medium
P.O. Box 1000
Petersburg, Virginia 23804
*Defendant, Pro se*

                                                     */s/ William L. Foreman*
                                                   William L. Foreman
                                                   Paralegal Specialist